UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

```
U.S. DISTRICT COURT - N.D. OF N.Y.
         FILED
      DEC - 2 2020
AT_____ O'CLOCK____
John M. Domurad, Clerk - Syracuse
```

James C. Ditts

    Plaintiff(s),

v.

New York State
Inv. Jeremy Hicks
Inv. Brian Mackey   John Muehl
Inv. Sara Stedman   Defendant(s).

COMPLAINT
(Pro Se Prisoner)

Case No. 3:20-CV-1476(GTS)ML
(Assigned by Clerk's
Office upon filing)

Jury Demand
☒ Yes
☐ No

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's social security number, taxpayer identification number, or birth date; the name of a person known to be a minor; or a financial account number. A filing may include *only*: the last four digits of a social security number or taxpayer-identification number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. *See* Fed. R. Civ. P. 5.2.

I.  **LEGAL BASIS FOR COMPLAINT**

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution and laws of the United States. Indicate below the federal basis for your claims.

☒ 42 U.S.C. § 1983 (state, county, or municipal defendants)
☐ *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)
☐ Other (please specify) _____

II. PLAINTIFF(S) INFORMATION

Name: James C. Sitts
Prisoner ID #: 8484
Place of detention: Delaware County Correctional Facility
Address: 280 Phoebe Lane Suite 6
Delhi New York 13753

Indicate your confinement status when the alleged wrongdoing occurred:
- ☒ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Immigration detainee

Provide any other names by which you are or have been known and any other identification numbers associated with prior periods of incarceration:

Jimmy Sitts, 99B0676, 19B0556

If there are additional plaintiffs, each person must provide all of the information requested in this section and must sign the complaint; additional sheets of paper may be used and attached to this complaint.

III. DEFENDANT(S) INFORMATION

Defendant No. 1: New York State
Name (Last, First)

Police, State
Job Title

Governors Office Executive Chamber State Capitol Albany, NY 12
Work Address

Albany        NY        12224
City          State     Zip Code

Defendant No. 2: Hicks, Jeremy
Name (Last, First)

State Trooper Investigator
Job Title

2

TROOP C. HEADQUARTERS ROUTE 7 P.O. Box 300
Work Address

SIDNEY          NY          13838
City            State       Zip Code

Defendant No. 3:    MACKEY, BRIAN
Name (Last, First)

STATE TROOPER INVESTIGATOR
Job Title

TROOP C HEADQUARTERS ROUTE 7 P.O. Box 300
Work Address

SIDNEY          NY          13838
City            State       Zip Code

Defendant No. 4:    STEDMAN, SARA
Name (Last, First)

STATE TROOPER INVESTIGATOR
Job Title

TROOP C HEADQUARTERS ROUTE 7 P.O. Box 300
Work Address

SIDNEY          NY          13838
City            State       Zip Code (CONT'D)

If there are additional defendants, the information requested in this section must be provided for each person; additional sheets of paper may be used and attached to this complaint.

## IV. STATEMENT OF FACTS

State briefly and concisely the facts supporting your claims. Describe the events in the order they happened. Your statement of facts should include the following:

- The date(s) on which the events occurred
- Where these events took place (identify the facility and, if relevant, the specific location in the facility)

3

(DEFENDANTS CONT'D)

JOHN MUEHL
OTSEGO COUNTY DISTRICT ATTORNEY
197 MAIN STREET
COOPERSTOWN NEW YORK 13326

- How each defendant was involved in the conduct you are complaining about

If you were physically injured by the alleged misconduct, describe the nature of your injuries and the medical evaluation and treatment you were provided. You need not cite to case law or statutes or provide legal argument in the Statement of Facts. Use additional sheets of paper if necessary.

1. ON OR ABOUT July 24th 2019 Indictment NO. 19-041 WENT IN FRONT OF OTSEGO COUNTY GRAND JURY AND AN INDICTMENT WAS FOUNDED.

2. ON AUGUST 2nd 2019 PLAINTIFF WAS INDICTED ON 2 COUNTS OF BURGLARY 2nd DEGREE, 1 COUNT GRAND LARCENY 3rd AND 3 COUNTS GRAND LARCENY 4th.

3. ON NOVEMBER 17th 2020 PLAINTIFF RECEIVED HIS DISCOVERY AND GRAND JURY MINUTES.

4. UPON REVIEWING THE GRAND JURY MINUTES THE PLAINTIFF HAS FOUND WHERE STATE TROOPER INVESTIGATOR JEREMY HICKS, STATE TROOPER INVESTIGATOR BRIAN MACKEY, STATE TROOPER INVESTIGATOR SARA STEDMAN AND DISTRICT ATTORNEY JOHN MUEHL HAD COMMITTED PERJURY ON THE STAND OF THE GRAND JURY AND DISTRICT ATTORNEY JOHN MUEHL KNOWINGLY AND ALLOWINGLY WITHOUT ATTEMPTING TO CORRECT THEM OR STOP THEM FROM DOING SO.                      (CONT'D)

## V. STATEMENT OF CLAIM(S)

State briefly and concisely the constitutional and/or statutory basis for each claim you seek to assert and identify the defendant(s) against whom each claim is

4

STATEMENT OF FACTS CONT'D  P.2

5. THAT ON PAGE 36 LINES 13-20 OF SAID MINUTES INV. JEREMY HICKS, REFERRING TO HIS NOTES HIS WHOLE TESTIMONY. AND STILL STATED THAT "THE ROOM AT SUSQUEHANNA MOTEL IN THE TOWN OF BAINBRIDGE WHICH WAS RENTED OUT TO MR. JAMES SITTS." HE'S REFERRING TO A MOTEL ROOM WHICH HAD STOLEN ITEMS FROM A BURGLARY THAT THEY HAVE SHOWN NO EVIDENCE SO HE'S IMPLICATING MY NAME INTO IT TO MAKE THE GRAND JURY BELIEVE IT WAS ME WHO COMMITTED THIS AND OTHER BURGS.

6. INCIDENT REPORT NO. 8627285 CLEARLY STATES THAT THE PROPRIETOR OF SAID MOTEL "MR. PALMATIER ALSO PROVIDED THE ROOM REGISTRATION CARD WHICH WAS IN THE NAME OF NIKKI BELL.

7. INV. JEREMY HICKS COMPLETELY VIOLATED MY 14th AMENDMENT RIGHT. DUE PROCESS. IMPLICATING MY NAME IN SAID TESTIMONY. COMMITTING PERJURY ON THE STAND IN FRONT OF THE GRAND JURY. KNOWINGLY.

8. DISTRICT ATTORNEY JOHN MUEHL KNOWING THE ROOM WAS NOT RENTED IN MY NAME DID NOT ATTEMPT TO STOP OR CORRECT INV. HICKS FROM MAKING THIS STATEMENT. CAUSING HIM TO MALICIOUSLY PROSECUTE THE PLAINTIFF. "PROBABLE CAUSE IN THE CONTEXT OF MALICIOUS PROSECUTION HAS ALSO BEEN DESCRIBED AS SUCH FACTS AND CIRCUMSTANCES AS WOULD LEAD A REASONABLY PRUDENT PERSON TO BELIEVE DEFENDANT GUILTY."

STATEMENT OF FACTS CONT'D P.3

9. ON PAGE 43 LINES 6-10 OF SAID MINUTES INV. BRIAN MACKEY KNOWINGLY COMMITTED PERJURY ON THE STAND IN FRONT OF THE GRAND JURY BY STATING THAT INCIDENT NO. 8606571 AND INCIDENT NO. 8608031 ARE THE SAME INCIDENT WHEN HE WAS THE INVESTIGATOR WHO WROTE INCIDENT REPORT NO. 8608031. HE STATES "HE PUTS GAS IN THE VEHICLE. BRINGS IT BACK TO CERTIFIED AUTO. PARKS IT. AND EXITS THE VEHICLE. HE GOES INTO SEVERAL OTHER VEHICLES AND THEN FINALLY STEALS THE CHEVY MALIBU AND NEVER COMES BACK." IN HIS INCIDENT REPORT NO. 8608031 HE STATES "AT AROUND 8:00 P.M. HE CLIMBS INTO THE CHEVY MALIBU AND DRIVES OUT THE LOT. ALSO IN THE FOOTAGE I OBSERVED THE SAME MALE WEARING THE EXACT SAME CLOTHING FROM THE NIGHT BEFORE ON 11/24 BREAKING INTO SEVERAL VEHICLES ON THE LOT." THIS INCIDENT, NO. 8606571, HAPPENS ON CAMERA AT 1:53 A.M. ON THE 24th OF NOVEMBER 2018. INCIDENT NO. 8608031, ALSO HAPPENS ON CAMERA AT APPROXIMATELY 8:00 P.M. ON THE 24th OF NOVEMBER 2018. INV. MACKEY IS STATING THESE ARE THE SAME INCIDENTS IN HIS TESTIMONY BECAUSE THERE IS SUPPOSED VIDEO OF THE PLAINTIFF PUTTING GAS INTO A TRUCK THE NIGHT BEFORE. INV. MACKEY KNEW THIS STATEMENT TO NOT BE TRUE.

10. TROOPER COE WROTE INCIDENT REPORT NO. 8606571 AND HE STATES THAT "APPROXIMATELY 4:49 A.M. THIS PERSON RETURNS WITH THE RED CHEVY TRUCK. HE PARKED THE RED CHEVY GETS OUT OF THE VEHICLE. SQUATS DOWN BETWEEN TWO VEHICLES. HE LEAVES THE

STATEMENT OF FACTS CONT'D P. 4

PROPERTY ON FOOT TOWARDS STATE ROUTE 23." NOT DRIVING AWAY IN A CHEVY MALIBU.

12. NOWHERE IN INCIDENT REPORT NO. 8606571 DID IT STATE THE TESTIMONY INV. MACKEY HAD MADE. HIS OWN INCIDENT REPORT ~~CONTRADICTS~~ CONTRADICTS HIS TESTIMONY.

13. AGAIN DISTRICT ATTORNEY JOHN MUEHL KNOWINGLY THAT THESE TWO INCIDENTS WERE NOT THE SAME AS INV. MACKEY IMPLIES. DID NOT ATTEMPT TO STOP OR CORRECT INV. MACKEY FROM MAKING THIS TESTIMONY. MR. MUEHL HAD ALL INCIDENT REPORTS IN FRONT OF HIM. HE HAD PREVIOUSLY PULLED ONE OUT TO ASSIST INV. HICKS REFRESH HIS MEMORY. PAGE 47 LINES 3-5.

14. ON PAGE 44 LINES 7-14 OF SAID MINUTES INV. MACKEY STATES THAT HE HAD TAKEN A CIGARETTE BUTT FROM THE ASHTRAY OF THE RED CHEVY TRUCK, INCIDENT NO. 8606571, AND DID DNA TESTING WHICH CAME BACK TO THE PLAINTIFF. NOWHERE IN THE DISCOVERY DO I HAVE A DNA REPORT FROM THIS INCIDENT.

15. ON PAGE 48 LINES 7-25 OF SAID MINUTES INV. MACKEY STATES THAT "SEVERAL ITEMS WERE LOCATED IN THE HOTEL ROOM THAT WERE MISSING FROM BOTH BURGLARIES. ON LINE 25 SAME PAGE AFTER BEING ASKED BY MR. MUEHL IF THERE WAS ANYTHING ELSE IN THAT ROOM RELATED TO THE BURKE BURGLARY, INV. MACKEY STATES "I BELIEVE THATS IT." REFERRING TO AN IMAGINERY KEY FOB BELONGING TO THE HANRAHANS. NO SUCH KEY FOB WAS FOUND

STATEMENT OF FACTS CONT'D P.5

IN THE MOTEL ROOM. ONLY A SET OF GMC KEYS THAT BELONGED TO THE SAMUEL KURTZ INCIDENT WHICH IS MENTIONED BY INV. HICKS PAGE 36 LINES 19-20.

16. ON PAGE 48 LINES 14-19 OF SAID MINUTES INV. MACKEY STATES THAT "A KEY FOB WAS FOUND IN THE HOTEL ROOM AND BELONGED TO THE OWNER OF THE NEXT BURGLARY. ~~INCIDENT REPORT NO.~~ ~~8622392~~ THAT WE RECEIVED." "THEIR VEHICLE WAS STOLEN OUT OF THEIR DRIVEWAY." MR. MUEHL THEN ASSISTS HIM IN THE PERJURY BY STATING "THAT WOULD HAVE BEEN THE HANRAHANS."

16. NOWHERE IN THE INCIDENT REPORTS DOES IT MENTION A KEY FOB BELONGING TO THE HANRAHANS. IF THAT WAS THE CASE THEY WOULD NOT OF HAD TO REQUEST PERMISSION FROM THE HANRAHANS TO ENTER THE VEHICLE BY ANY MEANS. INCIDENT REPORT NO. 8627285.

17. AGAIN DISTRICT ATTORNEY JOHN MUEHL KNOWING THERE WAS NO SUCH KEY FOB FOUND IN THE HOTEL ROOM, DID NOT ATTEMPT TO STOP OR CORRECT HIM IN ANYWAY FROM MAKING THIS TESTIMONY. HE ACTUALLY PARTICIPATES IN IT BY STATING "AND THAT WOULD HAVE BEEN HANRAHANS."

18. ON PAGE 53 LINES 18-21 OF SAID MINUTES A GRAND JUROR ASKS "THEN THERE'S DNA EVIDENCE. WE'RE ONLY VOTING ON ONE PERSON NOT A GANG?" INV. MACKEY ANSWERS "CORRECT THIS WAS ALL ONE PERSON."

19. THE ONLY DNA EVIDENCE REPORT ~~RECEIVED~~ RECEIVED BEFORE

STATEMENT OF FACTS CONT'D P. 6

THE GRAND JURY HEARING IS FROM INCIDENT No. 8606945 DATED MAY 1ST 2019 AND MAY 8TH 2019 STAMPED RECEIVED BY DISTRICT ATTORNEYS OFFICE. WHICH THIS IS NOT THE DNA REPORT THEY ARE REFERRING TO. THEY ARE REFERRING TO A CIG. BUTT THAT CAME FROM INCIDENT NO. 8606571. THROUGHOUT THE ENTIRE DISCOVERY PACKET THERE IS NO DNA REPORT FROM NO. 8606571 AND THERE IS NO MENTIONING OF A CIGARETTE BUTT IN ANY REPORTS COMING OUT OF INCIDENT NO. 8606945.

20. HOW CAN INV. MACKEY STATE THAT THIS WAS ALL ONE PERSON WHEN THEY SPECIFICALLY STATE THAT ONLY ONE DNA REPORT HAD CAME BACK. WHICH THERE IS NO REPORT OR PHOTO OF THIS CIGARETTE BUTT.

20. ONCE AGAIN DISTRICT ATTORNEY JOHN MUEHL DID NOT ATTEMPT TO STOP OR CORRECT INV. MACKEY FROM MAKING THIS TESTIMONY BUT ASSISTED BY STATING THAT THIS WAS THE ONLY ONE RETURNED.

21. ON PAGE 58 LINES 11-22 OF SAID MINUTES DISTRICT ATTORNEY JOHN MUEHL ASKS "WAS THERE ANY CONNECTION WITH THE FINGERPRINTS OF JAMES SITTS AS FAR AS THE VEHICLE?" INV. STEDMAN ANSWERS "I DID COMPARE THEM TO HIM. HOW IT WORKS FOR US IS THAT IF THERE'S A MATCH, THERE'S ANOTHER STEP CALLED QA'S, QUALITY INSURANCE REVIEW AND IT HAS TO GO UP TO ALBANY. TO THE LAB WHERE THEY CONFIRM OUR MATCH. IF IT GOES TO ALBANY

STATEMENT OF FACTS CONT'D P. 7

<u>I'M NOT ALLOWED TO TALK ABOUT THE RESULTS UNTIL THEY CONFIRM OUR MATCH.</u> BUT I CAN SAY IT WENT TO ALBANY."

22. IF INV. STEDMAN IS NOT ALLOWED TO TALK ABOUT THE FINGER-PRINT RESULTS IF THEY WENT TO ALBANY, THEN SHE SHOULD NOT BE ANSWERING ANY QUESTIONS OF THE FINGER PRINTS AT ALL, LET ALONE SAYING THEY WENT TO ALBANY. THAT WOULD BE LEADING THE GRAND JURY TO BELIEVE THEY'RE A MATCH. WHICH THEY ARE NOT UNTIL CONFIRMED. JUST BECAUSE SHE SEES SIMULARITY DOESN'T MEAN IT'S A PERFECT MATCH. WHICH IS NOT EXPLAINED BY EITHER INV. STEDMAN OR JOHN MUEHL.

23. DISTRICT ATTORNEY JOHN MUEHL THEN LEADS THE WITNESS KNOWING SHE SHOULDN'T BE ANSWERING THESE QUESTIONS BUT CONTINUES TO ASK " SO THE PRINTS WENT TO ALBANY?" AND SHE CONTINUOSLY ANSWERS "YES" KNOWING SHE SHOULDN'T.

24. ON PAGE 59 LINES 2-24 OF SAID MINUTES DISCUSS' HOW INV. STEDMAN PROCESSED THE HANRAHANS RESIDENCE. LINES 17-24 INV. STEDMAN SAYS SHE PULLED MULTIPLE PRINTS AND AGAIN MR. MUEHL ASSISTS HER IN HER PERJURY BY ASKING "IF THESE PRINTS WENT TO ALBANY?" AGAIN INV. STEDMAN ANSWERS "YES".

25. DISTRICT ATTORNEY AGAIN KNOWING THAT INV. STEDMAN SHOULD NOT BE ANSWERING THESE QUESTIONS CONTINUES TO ASK IF THE PRINTS WENT TO ALBANY, MAKING THE GRAND JURY BELIEVE THAT

STATEMENT OF FACTS CONT'D P. 8

THESE PRINTS ARE A COMPLETE MATCH.

26. ON PAGE 60 LINES 17-19 OF SAID MINUTES INV. STEDMAN AND DISTRICT ATTORNEY JOHN MUEHL AGAIN LEADS THE GRAND JURY BY ASKING AND ANSWERING THE SAME QUESTION. DID THE PRINTS GO TO ALBANY?

27. ON PAGE 61 LINES 11-25 OF SAID MINUTES A JUROR ASKS "SO WHEN YOU SAY THAT THE FINGER PRINTS WERE SENT TO ALBANY. IS THAT TO SAY THERE'S A PRELIMINARY MATCH WITH SITTS?" MR. MUEHL KNOWING SHE SHOULDN'T ANSWER JUMPS IN AND TELLS HER "AS BEST AS YOU CAN ANSWER."

28. INV. STEDMAN ANSWERS "I'M NOT ALLOWED -- IF IT'S AN ELIMINATION PRINT WHERE WE COMPARE IT TO LIKE THE HOME-OWNER TO SAY THE PRINT WAS ABLE TO BE THERE. THEN WE JUST DO IT WITHIN OUR OWN STATION AT SIDNEY. IT STAYS IN HOUSE BASICALLY. <u>THEN IF IT MATCHES TO A SUSPECT THEN IT HAS TO GO TO ALBANY IF THAT CLEARS IT UP. IF IT GOES TO ALBANY</u> I'M NOT ALLOWED TO TALK ABOUT THAT PORTION OF IT UNTIL IT'S DONE. THEY HAVE A BIG BACKLOG THERE RIGHT NOW AND THEY'RE STILL THERE.

29. DISTRICT ATTORNEY JOHN MUEHL SAYS "IT TAKES A LONG TIME." HE SHOULD OF BEEN STATING THAT JUST BECAUSE THEY WENT TO ALBANY DOESN'T MEAN THERE'S A MATCH. IF ALBANY TAKES A LONG TIME PROCESSING THEM THEN HOW CAN AN INVESTIGATOR DETERMINE IT'S A MATCH IN DAYS. THEY FAIL TO EXPLAIN THIS.

STATEMENT OF FACTS CONT'D P.9

30. ON PAGE 62 LINES 6-11 OF SAID MINUTES A JUROR ASKS INV. STEDMAN "THE DIFFERENT PRINTS THAT YOU FOUND IN DIFFERENT CASES, DID THEY MATCH EACH OTHER. THE ONE'S THAT GOT SENT TO ALBANY. WERE THEY ALL THE SAME OR WERE THEY DIFFERENT?" INV. STEDMAN ASKS "TO THE SAME PERSON." JUROR SAYS "YES" AND INV. STEDMAN ANSWERS "THEY WERE THE SAME PERSON." KNOWING SHE SHOULD NOT ANSWER THIS QUESTION AFTER STATING SO 3 TIMES PREVIOUSLY.

31. THAT INV. STEDMAN COMMITTED PERJURY MANY TIMES THROUGHOUT HER TESTIMONY LEADING THE JURORS TO BELIEVE THAT IF THE PRINTS WERE SENT TO ALBANY THEN THEY WERE A MATCH, NOT EXPLAINING THEY NEED A PERFECT MATCH NOT JUST HER OPINION.

32. THAT DISTRICT ATTORNEY JOHN MUEHL AGAIN DID NOT ATTEMPT TO STOP OR CORRECT INV. STEDMAN THROUGHOUT HER ENTIRE TESTIMONY. IN FACT HE ASSISTED HER IN LEADING THE GRAND JURY.

33. DISTRICT ATTORNEY JOHN MUEHL HAS ALSO HAD SOMEONE IN THE TOWN OF ONEONTA COURTS FORGE THE CASE HISTORY REPORT STATING THAT ALL ADJOURNMENTS WERE ON BOTH PARTS. WHEN IN FACT MY LAWYER AT THE TIME HAD THE CASE HISTORY REPORT PRINTED OUT 3 MONTHS PRIOR TO THE DISTRICT ATTORNEYS. ALONG WITH ALL CASE NOTES, WHICH MR. MUEHL FAILED TO PROVIDE, STATING THAT ALL ADJOURNMENTS WERE NOT CONSENTED TO AND THAT THE COURT CLERK THAT INITIALED ALL NOTES HAD LEFT WEEKS PRIOR TO MR. MUEHL'S DOCUMENT BEING FORGED. AFTER BEING

<u>STATEMENT OF FACTS CONT'D P. 10</u>

BROUGHT TO HIS ATTENTION, HE FILED A SUPPLEMENTAL OPPOSITION REALIZING HE HAD BEEN CAUGHT.

34. I HAVE LOST 2 YEARS OF MY LIFE BECAUSE OF THIS VIOLATION OF MY RIGHTS. I LOST MY MOTHER TO CANCER AND DID NOT GET TO SAY GOOD BYE, WAS NOT ALLOWED TO GO TO THE FUNERAL. MARCH 26 2020 I LOST HER AND I'VE LOST MY FAMILY. I DO NOT GET TO TALK TO MY DAUGHTER AND HER MOTHER HATES ME BECAUSE OF THIS. I'VE SUFFERED ENORMOUSLY.

35. THIS FACILITY WILL NOT PROVIDE ME WITH MY INMATE ACCOUNT STATEMENT. I WILL NEED THE COURTS TO GET ACCESS TO THIS AND ALSO THE ONE IN OTSEGO COUNTY WHERE I WAS PREVIOUSLY. I HAVE SIGNED THE AUTHORIZATION FOR THIS.

asserted. Commonly asserted claims include: excessive force; failure to protect; deliberate indifference to medical needs; unconstitutional conditions of confinement; denial of due process in a disciplinary or other proceeding; denial of equal protection; retaliation for the exercise of a First Amendment right; and interference with free exercise of religion. Legal argument and case citations are not required. Use additional sheets of paper if necessary.

### FIRST CLAIM

Constitutional Amendment 14, Due Process Investigator Jeremy Hicks, Investigator Brian Mackey Investigator Sara Stedman, John Muehl

### SECOND CLAIM

Malicious Prosecution, John Muehl, Inv. Jeremy Hicks, Inv. Brian Mackey, Inv. Sara Stedman

### THIRD CLAIM

Perjury on Grand Jury Stand, Inv. Jeremy Hicks Inv. Brian Mackey, Inv. Sara Stedman, John Muehl        (CONT'D)

VI. **RELIEF REQUESTED**

State briefly what relief you are seeking in this case.

The relief I am seeking is $500,000 monetary relief and legal actions against plaintiffs

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 11/23/20

Plaintiff's signature
(All plaintiffs must sign the complaint)

(STATEMENT OF CLAIMS CONT'D)

## FOURTH CLAIM

U.S. CONSTITUTIONAL AMENDMENT 14 EQUAL PROTECTION OF LAWS INV. JEREMY HICKS, INV. BRIAN MACKEY, INV. SARA STEDMAN, DISTRICT ATTORNEY JOHN MUEHL

## FIFTH CLAIM

PROSECUTORIAL MISCONDUCT, DISTRICT ATTORNEY JOHN MUEHL

## SIXTH CLAIM

SUBORNING PERJURY, DISTRICT ATTORNEY JOHN MUEHL, INV. JEREMY HICKS, INV. BRIAN MACKEY, INV. SARA STEDMAN