UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES C. SITTS,

                  Plaintiff,

v.                                                 3:20-CV-1476
                                                 (GTS/ML)

NEW YORK STATE; JEREMY HICKS,
State Trooper Investigator; BRIAN MACKEY
State Trooper Investigator; SARA STEDMAN,
State Trooper Investigator; and JOHN
MUEHL, Otsego County District Attorney,

                  Defendants.
_____

APPEARANCES:                          OF COUNSEL:

JAMES C. SITTS
  Plaintiff, *Pro Se*
Delaware County Correctional Facility
280 Phoebe Lane, Suite 6
Delhi, New York 13753

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

## I.    INTRODUCTION

The Clerk has sent this *pro se* complaint (Dkt. No. 1) together with an amended

application to proceed *in forma pauperis* (Dkt. No. 5) filed by James C. Sitts ("Plaintiff") to the

Court for review.  For the reasons discussed below, I grant Plaintiff's amended *in forma pauperis*

application (Dkt. No. 5) and recommend that Plaintiff's Complaint be dismissed in its entirety, in

part with prejudice and without leave to amend, and in part without prejudice and with leave to

amend.

## II.    BACKGROUND

Construed as liberally[1] as possible, the Complaint alleges that Plaintiff's civil rights were violated by New York State, Jeremy Hicks, Brian Mackey, Sara Stedman, and John Muehl (collectively "Defendants").  (*See generally* Dkt. No. 1 [Compl.].)

More specifically, Plaintiff alleges that on August 2, 2019, he was indicted and charged with the following three New York State criminal offenses: (1) two counts of burglary in the second degree, (2) one count of grand larceny in the third degree, and (3) three counts of grand larceny in the fourth degree.  (Dkt. No. 1 at 5.)  Plaintiff alleges that on November 17, 2020, he received discovery and a copy of the grand jury minutes and that "upon reviewing the grand jury minutes" he "has found where" Defendants Hicks, Mackey, Stedman, and Muehl "committed perjury on the stand of the grand jury" and that Defendant Muehl "knowingly . . . allow[ed] [the perjury] without attempting to correct" the record.  (*Id*.)

Plaintiff identifies several specific portions of the grand jury minutes where he alleges Defendants Hicks, Mackey, and Stedman committed perjury or provided improper testimony, and Defendant Muehl did not attempt to correct the record.  (*Id*. at 6-13.)  For example, Plaintiff alleges Defendant Hicks incorrectly testified that a room at the Susquehana Motel, which contained stolen items from a burglary, was rented out to Plaintiff, but that the "proprietor of said motel . . . provided the room registration card which was in the name of Nikki Bell."  (*Id*. at 6.)  In addition, Plaintiff alleges that Defendant Mackey (a) incorrectly testified that incident number 8606571 and incident number 8608031, were the same incident, (b) testified that he had a cigarette butt tested for DNA that matched Plaintiff's DNA, but Plaintiff never received a DNA

---

[1]    The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

report, and (c) incorrectly testified that a key fob was found in a hotel room belonging to the Hanrahans' vehicle.[2]  (*Id.* at 7-10.)  Moreover, Plaintiff alleges that although Defendant Stedman testified that the procedure for matching fingerprints requires a review in Albany and that no results had come back from Albany yet, she improperly suggested to the grand jury that she matched fingerprints from the evidence to Plaintiff.  (*Id.* at 10-13.)  Plaintiff alleges that Defendant Muehl was aware of these incorrect or improper statements but failed to correct the record or properly advise the grand jury.  (*Id.* at 6-13.)

Plaintiff further alleges that Defendant Muehl "had someone in the Town of Oneonta Courts forge the case history report stating that all adjournments were on both parts.  When in fact[, Plaintiff's] lawyer at the time had the case history report printed out 3 months prior to the district attorney[']s . . . stating that all adjournments were not consented to."  (*Id.* at 13.)

Based on these factual allegations, Plaintiff asserts the following six claims: (1) a claim that his due process rights—pursuant to the Fifth and Fourteenth Amendments and 42 U.S.C. § 1983—were violated by Defendants Hicks, Mackey, Stedman, and Muehl; (2) a claim that he was maliciously prosecuted—pursuant to the Fourth Amendment and 42 U.S.C. § 1983—by Defendants Muehl, Hicks, Mackey, and Stedman; (3) claim of "perjury on grand jury stand" against Defendants Hicks, Mackey, Stedman, and Muehl; (4) a claim that his right to equal protection was violated—pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983—by Defendants Hicks, Mackey, Stedman, and Muehl; (5) a claim of prosecutorial misconduct against Defendant Muehl; and (6) a claim of "suborning perjury" against Defendants Muehl,

---

[2]     Based on the factual allegations in Plaintiff's Complaint, it appears as though "the Hanrahans" refers to a family of victims from Plaintiff's alleged crimes.

Hicks, Mackey, and Stedman.  (*Id*. at 15-16.)  For relief, Plaintiff seeks $500,000.00 in damages

"and legal actions against Plaintiffs."[3]  (*Id*. at 15.)

### III.    PLAINTIFF'S AMENDED APPLICATION TO PROCEED *IN FORMA PAUPERIS*

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court

without prepayment of the filing fee that would ordinarily be charged."  *Cash v. Bernstein*, 09-

CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).[4]  "Although an indigent,

incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently

pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate

accounts." *Cash*, 2010 WL 5185047, at *1 (citing 28 U.S.C. § 1915(b); *Harris v. City of New

York*, 607 F.3d 18, 21 (2d Cir. 2010)).

Upon review, the Court finds that Plaintiff has submitted a completed IFP application

which has been certified by an appropriate official at his facility (Dkt. No. 5), and which

demonstrates economic need.  *See* 28 U.S.C. § 1915(a)(2).  Plaintiff has also filed the inmate

authorization required in the Northern District. (Dkt. No. 3.)

Accordingly, Plaintiff's amended application to proceed with this action IFP is granted.

---

[3]    The Court presumes that Plaintiff intended to refer to Defendants since he is the plaintiff in this action.

[4]    Section § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* where, absent a showing of "imminent danger of serious physical injury," a prisoner has filed three or more actions that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(g).  The Court has reviewed Plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service.  *See* http://pacer.uspci.uscourts.gov.  It does not appear from that review that Plaintiff had accumulated three strikes for purposes of 28 U.S.C. § 1915(g) as of the date this action was commenced.

## IV.    LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

Having found that Plaintiff meets the financial criteria for commencing this action *in forma pauperis*, and because Plaintiff seeks relief from an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the Complaint in light of 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A(a).  Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that— . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).[5]

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a government entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curium) (noting that Section 1915A applies to all actions brought by prisoners against governmental officials even when plaintiff paid the filing fee).

Additionally, when reviewing a complaint, a court may also look to the Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia*, "a short and plain statement of the claim

---

[5]    To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis in either law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, C.J.) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rule 8 "demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

## V.    ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes of action be dismissed.

### A.    Claims Against New York State

The Eleventh Amendment protects a state against suits brought in federal court by citizens of that state, regardless of the nature of the relief sought. *Alabama v. Pugh,* 438 U.S. 781, 782 (1978). This absolute immunity which states enjoy under the Eleventh Amendment also extends to state agencies. *Richards v. State of New York Appellate Division, Second Dep't*, 597 F. Supp. 689, 691 (E.D.N.Y. 1984) (citing *Pugh*, 438 U.S. at 782; *Cory v. White,* 457 U.S. 85, 89-91 (1982)). As a result, I recommend dismissal of all claims brought by Plaintiff against the New York State (or the New York State Police) based on the doctrine of absolute immunity pursuant to the Eleventh Amendment.

### B.    Claims Against Defendant Muehl

"It is by now well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursing a criminal prosecution is immune from a civil suit for damages under § 1983." *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) (citation and internal quotation marks omitted) (collecting cases). "Because the immunity attaches to the official prosecutorial function and because the initiation and pursuit of a criminal prosecution are quintessential prosecutorial functions, the prosecutor has absolute immunity for the initiation and conduct of a prosecution unless he proceeds in the clear absence of all jurisdiction." *Shmueli*, 424 F.3d at 237 (citations and internal quotation marks omitted).

These principles also protect a prosecutor against malicious prosecution claims brought under state law. *Shmueli*, 424 F.3d at 238; *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 274 n.5 (1993) (indicating that the Court's conclusion that absolute immunity protects a prosecutor against § 1983 claims in the nature of malicious prosecution was based in part on the "common-law tradition of immunity for a prosecutor's decision to bring an indictment, whether he has

probable cause or not"); *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976) (same principles require conferral of absolute immunity for damages claims under § 1983 and state law).

"A prosecutor is not absolutely immune solely because she engaged in the conduct in question during her line of work." *D'Alessandro v. City of New York*, 713 F. App'x 1, 5 (2d Cir. 2017) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). "A prosecutor wears many hats" including "administrat[or]," "investigator," and "advocate[ ]." *D'Alessandro*, 713 F. App'x at 5 (quoting *Hill v. City of New York*, 45 F.3d 653, 656 (2d Cir. 1995)). However, the prosecutor is entitled to absolute immunity "when she acts as an 'advocate.'" *Id.* (citing *Warney v. Monroe Cnty.*, 587 F.3d 113, 121 (2d Cir. 2009)). "Under our case law, a prosecutor unquestionably acts as an advocate—and therefore receives absolute immunity—when she initiates and pursues a criminal prosecution." *Id.* (citing *Shmueli*, 424 F.3d at 236). Indeed, "a prosecutor still acts within the scope of her duties even if she . . . knowingly uses false testimony, . . . engages in malicious prosecution, or attempts to intimidate an individual into accepting a guilty plea." *D'Alessandro*, 713 F. App'x at 5 (citing *Shmueli*, 424 F.3d at 237-38; *Peay v. Ajello*, 470 F.3d 65, 67-68 (2d Cir. 2006)).

Here, the acts that Plaintiff alleges Defendant Muehl took (failing to correct or stop other Defendants from committing perjury in front of the grand jury), occurred while he engaged in acts "intimately associated with the judicial phase of the criminal process." *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Indeed, the Supreme Court has held that "immunity extended to a prosecutor's conduct before a grand jury" *Burns v. Reed*, 500 U.S. 478, 490 (1991) (citing *Yaselli v. Goff*, 275 U.S. 503 (1927)), and the Second Circuit has held that "[a] prosecutor is also entitled to absolute immunity

despite allegations of his 'knowing use of perjured testimony' and the 'deliberate withholding of exculpatory information.'"  *Shmueli*, 424 F.3d at 237 (quoting *Imbler*, 424 U.S. at 431 n.34).

As a result, I recommend that any claims against Defendant Muehl be dismissed because absolute immunity protects him from suit.

### C.    Claims Against Defendants Hicks, Mackey, and Stedman

#### 1.    Individual Capacity

##### a.    *Heck* Delayed Accrual Claims

"A claim for damages [that would necessarily imply the invalidity of a plaintiff's state court] conviction or sentence that has *not* been so invalidated is not cognizable under § 1983."  *Heck*, 512 U.S. at 486-87.  In *Covington v. City of New York*, the Second Circuit held that "if success on a § 1983 claim would necessarily impugn the validity of a conviction in a pending criminal prosecution, such a claim *does not accrue* so long as the potential for a judgment in the pending criminal prosecution continues to exist." *Covington v. City of New York*, 171 F.3d 117, 124 (2d Cir. 1999).

Based on the factual allegations contained in the Complaint, it is not clear what the status is of Plaintiff's underlying criminal proceeding.  (*See generally* Dkt. No. 1.)  However, Plaintiff alleges that on November 17, 2020, he received discovery and a copy of the grand jury minutes in his underlying criminal proceeding.  (Dkt. No. 1 at 5.)  In addition, Plaintiff appears to allege that he is still incarcerated based on the underlying criminal proceeding.  (Dkt. No. 1 at 14.)  As a result, drawing all reasonable inferences, Plaintiff's underlying criminal proceeding is either (1) still pending, (2) resulted in a conviction and Plaintiff is awaiting sentencing, or (3) resulted in a conviction and Plaintiff was sentenced to a term of incarceration.  Regardless of which of these possible stages Plaintiff's underlying criminal proceeding is in, I recommend his claims for

malicious prosecution and pursuant to the due process and equal protection clauses be dismissed without prejudice as barred pursuant to *Heck* because they seek to impugn the validity of his underlying state court criminal proceeding. *See McDonough v. Smith*, 139 S. Ct. 2149, 2156-57 (2019) (holding that the plaintiff could not bring a "fabricated-evidence claim under § 1983 prior to favorable termination of his prosecution" because a fabricated-evidence claim is most analogous to the tort of malicious prosecution, which also only accrues after the plaintiff prevailed in the underlying criminal proceeding); *Walker v. Kim*, 18-CV-4090, 2020 WL 7685100, at *7 (S.D.N.Y. Apr. 24, 2020) (dismissing claims pursuant to the due process clause as barred by *Heck*); *Roberties v. Huff*, 11-CV-0521, 2012 WL 1113479, at *4 (W.D.N.Y. Mar. 30, 2012) (dismissing as premature, pursuant to *Heck*, due process, conspiracy to prosecute, obstruction of justice, fabrication of evidence, and equal protection claims related to the plaintiff's conviction); *Nussbaumer*, 2011 WL 4828844, at *1 (dismissing as premature, pursuant to *Heck*, due process, equal protection, malicious prosecution, and access to the courts claims related to the plaintiff's conviction); *Harris v. Buffardi*, 08-CV-1322, 2011 WL 3794235, at *10 (N.D.N.Y. Aug. 24, 2011) (Sharpe, J.) (where plaintiff's conviction had not been overturned or otherwise invalidated, his claims for "violation of his due process rights, fabrication of evidence, obstruction of justice, bad faith inadequate investigation, and §§ 1983 and 1985 conspiracy—all of which are patent attacks on the validity of his conviction—[were] barred.").

      **b.**      **Perjury on the Grand Jury/Suborning Perjury Claims**

To the extent Plaintiff attempts to state a claim against based on false statements that Defendants Hicks, Mackey, and Stedman made before the grand jury, "there is no private right of action for perjury or suborning perjury under New York law." *Phillips v. Delaney*, 19-CV-5113, 2020 WL 5898972, at *7 (S.D.N.Y. Oct. 2, 2020) (citing *Minus v. Spillane*, 17-CV-4623, 2019

WL 6498258, at *4 (S.D.N.Y. Dec. 3, 2019) (dismissing claim sounding in perjury because there is no private right of action for perjury under New York law); *Carvel v. Ross*, 09-CV-0722, 2011 WL 856283, at *12 (S.D.N.Y. Feb. 16, 2011) (same); *Abrahams v. Inc. Village of Hempstead*, 08-CV-02584, 2009 WL 1560164, at *8 (E.D.N.Y. June 2, 2009) (same); *Sash v. City of New York*, 05-CV-1544, 2006 WL 2474874, *6 n.5 (S.D.N.Y. Aug. 11, 2006) ("[P]erjury and subornation of perjury . . . are not cognizable civil claims under either New York State or federal law.")).

As a result, I recommend that Plaintiff's claims for perjury on the grand jury and suborning perjury be dismissed.

### 2.    Official Capacity

"'[C]laims against a government employee in his official capacity are treated as a claim against the municipality,' and, thus, cannot stand under the Eleventh Amendment." *Jackson v. Gunsalus*, 16-CV-0647, 2016 WL 4004612, at *2 (N.D.N.Y. June 24, 2016) (Dancks, M.J.) (quoting *Hines v. City of Albany*, 542 F. Supp. 2d 218, 227 (N.D.N.Y. 2008) (McCurn, J.)), *report and recommendation adopted by*, 2016 WL 3983635 (July 25, 2016) (Sharpe, J.); *see Hafer v. Melo,* 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985)) ("Suits against state officials in their official capacity therefore should be treated as suits against the State.").

Here, to the extent that Plaintiff asserts claims against Defendants Hicks, Mackey, and Stedman in their official capacities, I recommend that those claims be dismissed because they are, in reality, damage claims against the governmental entities, which are immune from suit. *See Jackson*, 2016 WL 4004612, at *2 (dismissing claims against officers of the Syracuse Police Department in their official capacity based on Eleventh Amendment immunity).

11

## VI.    OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.").  Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[6]

For the reasons stated in Section V.C.1.a., I recommend that Plaintiff's claims regarding due process, equal protection, and malicious prosecution against Defendants Hicks, Mackey, and Stedman in their individual capacities "be dismissed without prejudice until and if the conviction is later overturned or vacated." *Kates v. Greece Police Dep't*, 16-CV-6544, 2017 WL 11548969, at *3 (W.D.N.Y. Nov. 13, 2017).

---

[6]    *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

However, I recommend that Plaintiff's claims against Defendant New York State be dismissed with prejudice and without leave to amend. *Sonnick v. Budlong*, 20-CV-0410, 2020 WL 2999109, at *10 (N.D.N.Y. June 4, 2020) (Lovric, M.J.) (recommending dismissal without leave to amend, claims against New York State Police), *report and recommendation adopted by*, 2020 WL 4345004 (N.D.N.Y. July 29, 2020) (McAvoy, J.).

Moreover, I recommend that Plaintiff's claims against Defendant Muehl be dismissed with prejudice and without leave to amend. *See Giles v. Fitzgerald*, 20-CV-0980, 2020 WL 6287459, at *9 (N.D.N.Y. Oct. 27, 2020) (Lovric, M.J.) (recommending dismissal with prejudice claims against the defendant prosecutor based on the doctrine of prosecutorial immunity); *Staton v. Holzbach*, 20-CV-0631, 2020 WL 6119382, at *3 (D. Conn. Oct. 16, 2020) (dismissing with prejudice claims against the defendant prosecutor based on the doctrine of prosecutorial immunity); *Lawrence v. Sherman*, 20-CV-0694, 2020 WL 5904789, at *3 (N.D.N.Y. Oct. 6, 2020) (D'Agostino, J.) (same).

In addition, I recommend that any claims against Defendants Hicks, Mackey, and Stedman in their official capacities be dismissed with prejudice and without leave to amend. *See Giles*, 2020 WL 6287459, at *11 (recommending dismissal with prejudice, claims for monetary damages against the defendant police officers in their official capacities based on Eleventh Amendment immunity); *Wrobleski v. Miller*, 19-CV-0876, 2019 WL 6496723, at *9 (N.D.N.Y. Dec. 2, 2019) (Lovric, M.J.) (recommending dismissal with prejudice and without leave to amend, claims against officers in their official capacities pursuant to the doctrine of immunity pursuant to the Eleventh Amendment), *report and recommendation adopted in part and rejected in part on other grounds by*, 2020 WL 219221 (N.D.N.Y. Jan. 15, 2020) (Sharpe, J.); *Jackson v. Gunsalus*, 16-CV-0647, 2016 WL 4004612, at *2 (N.D.N.Y. June 24, 2016) (Dancks, M.J.)

13

(dismissing with prejudice and without leave to amend, claims against police officers in their official capacities based on the doctrine of immunity pursuant to the Eleventh Amendment), *report and recommendation adopted by*, 2016 WL 3983635 (July 25, 2016) (Sharpe, J.).

Finally, I recommend that any claims against Defendants Hicks, Mackey, and Stedman in their individual capacities, alleging perjury against the grand jury or suborning perjury be dismissed with prejudice and without leave to amend because there is no private right of action for perjury or suborning perjury. *See, infra*, Part V.C.1.b. of this Order and Report-Recommendation.

If Plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *accord Pourzancvakil v. Humphry*, 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, Plaintiff must clearly set forth facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, Plaintiff is informed that any such amended complaint will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields*

*v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's amended IFP application (Dkt. No. 5) is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court (1) provide the Superintendent of the facility that Plaintiff has designated as his current location with a copy of Plaintiff's inmate authorization form (Dkt. No. 3) and notify that official that Plaintiff has filed this action and is required to pay the Northern District of New York the entire statutory filing fee of $350.00 in installments, over time, pursuant to 28 U.S.C. § 1915; and (2) provide a copy of Plaintiff's inmate authorization form (Dkt. No. 3) to the Financial Deputy of the Clerk's Office; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITH PREJUDICE AND WITHOUT LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1), to the extent that it asserts claims (1) against Defendants (a) New York State, (b) Muehl, and (c) Hicks, Mackey, and Stedman in their official capacities, and (2) against Defendants Hicks, Mackey, and Stedman in their individual capacities for perjury on the grand jury or suborning perjury, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. 1915A(a) because it seeks monetary relief against Defendants who are immune from such relief and fails to state a claim; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITHOUT PREJUDICE AND WITH LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1), to the extent that it asserts claims alleging malicious prosecution, violation of the due process clause, and violation of the equal protection clause, against Defendants Hicks, Mackey, and Stedman in their individual capacities,

pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. 1915A(a) for failure to state a claim upon

which relief may be granted; and it is further

      **ORDERED** that the Clerk of the Court shall file a copy of this Order and Report-

Recommendation on Plaintiff, along with copies of the unpublished decisions cited herein in

accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009)

(per curiam).

      **NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within

which to file written objections to the foregoing report.[7]  Such objections shall be filed with the

Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN</u>**

**<u>DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  28 U.S.C. § 636(b)(1) (Supp. 2013);

Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v.*

*Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).


Dated: January  <u>6</u> , 2021
       Binghamton, New York


                               *Miroslav Lovric*
                        Miroslav Lovric
                        U.S. Magistrate Judge

---

[7]     If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).